*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
April 10, 2025
12:13 PM

Plaintiff-Appellee,

v

No. 370424
Oakland Circuit Court
LC No. 2022-282989-FC

MATTHEW LEON STINSON,

Defendant-Appellant.

Before: YOUNG, P.J., and O'BRIEN and SWARTZLE, JJ.

YOUNG, P.J., (*dissenting*).

The majority opinion accurately relays the facts underlying Mr. Stinson's conviction. I dissent because I believe that the correct remedy for a court's failure to support its sentence is resentencing, not remanding for explanation. *People v Mason*, ___ Mich App ___; ___ NW3d ___ (2024) (Docket No. 367687).

A sentence that is unsupported by the record is unreasonable. *People v Dixon-Bey*, 321 Mich App 490, 523-525; 909 NW2d 458 (2017) ("It is our view that the 15-year upward departure was unreasonable and that, in light of the record before us, the trial court abused its discretion by violating the principle of proportionality. . . . In this case, the trial court *did not adequately explain why a minimum sentence of 35 years was more proportionate than a different sentence within the guidelines would have been*.") (emphasis added). A remand is the only appropriate remedy where a sentence is unreasonable. *Id* at 532; see also, *People v Smith*, 482 Mich 292, 311; 754 NW2d 284 (2008) (where the trial court sentenced Smith to a departure sentence of double the guidelines range without valid explanation, the Supreme Court vacated the sentence). Because the trial court did not explain why Mr. Stinson's sentence was reasonable and proportionate given the guidelines and the factors accounted for therein, I would remand to the trial court for resentencing.

/s/ Adrienne N. Young

-1-